# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | ) |
| | ) |
| Matrix Electronic Measuring, Inc. dba The Matrix Wand, | ) ) |
| Debtor | ) Case No. 23-21075 |
| | ) Chapter 7 |
| | ) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION

COMES NOW Bennington State Bank, by and through its undersigned counsel, and moves the Court for relief in the automatic stay or, in the alternative, for adequate protection payments. The following facts and arguments are offered in support of this motion:

## INTRODUCTION

1. Movant Bennington State Bank (hereinafter "BSB") is a banking corporation organized under the laws of the state of Kansas.

2. On September 11, 2023 (hereinafter "Petition Date"), a Voluntary Petition was filed herein by the above-referenced Debtor Matrix Electronic Measuring, Inc. (hereinafter "Debtor") under 11 U.S.C. §101, et seq., as amended (hereinafter "Bankruptcy Code").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2) and the statutory

predicates for relief sought herein are Sections 361 and 362 of the Code and Rule 4001 of the Bankruptcy Rules. *See also L.B.R. 4001(a).1.*

4. Venue is proper in the Court pursuant to 28 U.S.C. §§1432 and/or 1473.

## BACKGROUND

**5.** That Debtor on or about March 7, 2023, executed and delivered to BSB, a Promissory Note (hereinafter "Note" and attached as Exhibit A), whereby said Debtor promised to pay to BSB the sum of $641,997.17; this Note was originally due on June 30, 2023, pre-Petition; that said Note is in default and there remains due the sum of $651,087.67, plus accrued interest of $9,090.50 through August 22, 2023, at an interest at a rate of 10.75%, and a per diem thereafter, in the amount of $191.7075, until paid.

6. That said Note was secured by a Commercial Security Agreement. (*See Exhibit B,* hereinafter "Security Agreement").

7. That no payments have been received on the Note since the Petition Date and its due date in full was June 30, 2023.

8. To secure said Note and Security Agreement, Debtor executed and delivered a Financing Statement, which was duly filed. *See Exhibit C, with amendments and continuations.*

9. That as a result of the Note, Security Agreement, and Financing Statement, BSB holds a perfected security interest in and to the following collateral:

"All assets now owned or hereafter acquired including all replacements and

additions thereto, to include but not limited to: equipment, accounts (including cash on hand or on deposit), accounts receivable, contract rights, instruments, documents, leases, chattel paper, general intangibles, goods, inventory and all accessions or additions thereto, materials, parts, supplies, machinery, tools, tooling, shelving, office equipment, furniture and fixtures; and the books and records pertaining to any of the foregoing; all leasehold improvements to include but not limited to buildings, fixtures, and equipment; whether any of the foregoing is owned now or acquired later, all accessions, additions, replacements and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds)/ four (4) complete lower body electronic measuring systems, serial numbers(s) 711, 713, 716 and 717; one (1) prototype wand."

10. BSB is the holder and owner of the Note and lien.

11. That BSB understands that approximately $107,261.67 is in the Debtor's bank account at The Bennington State Bank, Account No. 0389, over which BSB has a security interest both for the account as well as the remaining nominal accounts receivable being placed in it, post-Petition.

12. That the Debtor has no equity in said collateral.

**RELIEF REQUESTED BY THIS MOTION**

13. BSB seeks the entry of an order pursuant to §362(d) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure granting BSB relief from the automatic stay as to the Property, or alternatively, pursuant to §361 of the Bankruptcy Code, requiring Debtor to make periodic cash payments as adequate protection.

## BASIS FOR RELIEF

14. BSB is entitled to relief from the automatic stay pursuant to §362(d) of the United States Bankruptcy Code which provides as follows:

> (d) On the request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
> (1) for cause, including the lack of adequate protection of an interest property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

15. § 362(d) of the Bankruptcy Code is written in the disjunctive and authorizes relief from stay if the creditor can show cause, including lack of adequate protection, or establish that the debtor has no equity in the Property and the Property is not necessary for an effective reorganization.

16. Cause exists to grant BSB relief from the automatic stay since BSB is not being adequately protected and the Debtor has no equity in the Property.

17. Adequate protection is necessary to preserve the value of BSB's interest in the Property as existed on the Petition Date and through the pendency of this action with the benefit of the reduction in the outstanding balance due.

18. BSB is entitled to adequate protection, but has not been offered adequate protection of any kind, while the value of said funds declines, including but not limited to inflation.

19. In the alternative, BSB is entitled to relief from the automatic stay pursuant to Section 362(d)(2), because Debtor does not have equity in the Property and Property is not necessary for effective reorganization.

20. As discussed above, the collateral is estimated to total $107,261.67. The collateral secures debt owed to BSB well in excess of $660,000.

21. Further, the Property is not necessary for Debtor's effective reorganization and in fact no reorganization is to occur. *See also United Savings Association v. Timbers of Inwood Forest Assoc. Ltd.,* 484 U.S. 365, 375-76 (1987).

22. Additionally and really just as a final and non-preferred alternative, that BSB requests that as adequate protection, that the Debtor to be required to pay the current arrears on any agreement and to continue to pay the same, pending further order of the Court.

## CONCLUSION

23. BSB respectfully requests an order granting relief from the automatic stay of 11 U.S.C. §362(a), to the fullest extend necessary, and for the reasons set forth above; for an order permitting BSB to obtain possession of the Property by any lawful means, apply the proceeds to the outstanding balance owed to BSB, without prejudice to the rights of other parties that may hold an inferior interest in the Property; and for such other and further relief as the Court deems fair, just, and equitable.

Case No. 23-21075/Matrix
Motion for Relief from Automatic Stay or, Alternatively, for Adequate Protection
Page 6

>NORTON, WASSERMAN, JONES & KELLY, L.L.C.
>213 S. Santa Fe
>PO Box 2388
>Salina, Kansas 67401-2388
>(785) 827-3646
>Fax: (785) 827-0538
>E-mail: ram@nwjklaw.com
>
>By: s/Robert A. Martin
>Robert A. Martin
>SC # 16546
>Attorneys for Bennington State Bank

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was filed electronically on this 22nd day of January, 2024, with the United States Bankruptcy Court for the District of Kansas, and shall be served on the parties in interest via email by the Court pursuant to CM/ECF as set out on the Notice of Electronic Filing as issued by the Court and shall be served by U.S. Mail, First Class, postage prepaid, or by CM/ECF, as noted on those parties directed by the Court on the Notice of Electronic Filing issued by the Court and as required by the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court.

Matrix Electronic Measuring, L.P.
P.O. Box 1246
Salina, Kansas 67402-1246
**DEBTOR - BY MAIL**

Neil S. Sader
The Sader Law Firm, LLC
2345 Grand Boulevard, Suite 2150
Kansas City, MO 64108
**ATTORNEY OF DEBTOR - BY CM/ECF**

Case No. 23-21075/Matrix
Motion for Relief from Automatic Stay or, Alternatively, for Adequate Protection
Page 7

Darcy D. Williamson
Williamson Law Office
1109 SW Westside Drive
Topeka, KS 66615
**TRUSTEE - CM/ECF**

U. S. Trustee
Office of the United States Trustee
301 North Main Suite 1150
Wichita, KS 67202
**U.S. TRUSTEE - BY CM/ECF AND BY MAIL**

                              By: s/Robert A. Martin
                              Robert A. Martin